# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:10-cr-210
                                       Also Case No. 3:13-cv-414

                                       District Judge
- vs -                              Magistrate Judge Michael R. Merz

GEORGE A. BILLINGSLEY,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant George Billngsley's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 788). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Under the General Order of Assignment and Reference for Dayton, all § 2255 motions filed in Dayton criminal cases are referred to the undersigned under 28 U.S.C. § 636(b).

Billingsley pleads the following grounds for relief:

>**Ground One:** Billingsley received ineffective assistance of counsel. See Stickland [sic] v. Washington, 466 U.S. 668 (1984).
>
>**Supporting Facts:** Movant respectfully advances the proposition trial counsel induced him to plead guilty based on erroneous and incorrect advice. Without question counsel's representation fell below an objective standard of reasonableness, as is judged by "prevailing professional norms." In assessing attorney Phillip D. Lehmkuhl's representation and more befitting "ineffective assistance of counsel" claim, Movant alleges, intera [sic] alia, that counsel failed to adequately fulfill his professional duties and responsibilities in that: 1) Failed to investigate and familiarize himself with the facts of the case in relation to the guilty plea constitutes ineffective [assistance] and renders the plea 'INVOLUNTARY.' See Attached Memorandum of Law.
>
>**Ground Two:** Movant's acceptance of the plea agreement cannot be construed as voluntary, knowing, or intelligently entered into when he could not have possibly understood the consequences of entering a plea agreement.
>
>**Supporting Facts:** The standard for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant. See North Carolina v. Alford, 400 U.S. 25 (1970); see also Brady v. United States, 397 U.S. 742 (1970). It must be an intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." See McMann v. Richardson, 397 U.S. 759 (1970). Clearly, counsel's ineffectiveness and lack of communication led to Movant['s] entering an unknowing and involuntary plea. See Attached Memorandum of Law.
>
>**Ground Three:** The evidence presented by the Government fails to prove or sustain the necessary components in order to obtain a conviction for conspiracy as opposed to the obvious buyer-seller

relationship shared by Movant Billingsley and Michael Stephens. See Attached Memorandum of Law.

**Supporting Facts:** Distributing drugs and conspiring to distribute drugs are two separate crimes. Drug distribution punishes the sale of drugs in its own right. Conspiracy, on the other hand, "punish[es] criminal objectives beyond the sale itself – typically the parties' agreement to distribute the drug exchanged. To establish that a [buyer-seller] knowingly became a member of a conspiracy with a [seller-buyer] to distribute 'heroin' possess heroin with intent to distribute, the Government must prove that the buyer and seller had the joint criminal objective of distributing heroin to others. See United States v. Hereford, 162 F. App'x 439 (6th Cir.); see also United States v. Gardener, 448 F. 3d 700 (6th Cir. 2007).

**Ground Four:** The U.S. District Court erred in its determination that it had no other alternative but to impose a ten (10) year mandatory minimum sentence.

**Supporting Facts:** With all due respect, the U.S. District Court did not explicitly determine his relevant conduct within the alleged conspiracy, which would assuredly affected [sic] the mandatory minimum applicable sentence. When calculating Movant's base offense level under the Guidelines, the sentencing court is required to consider the quantity of drugs that are part of the same course of conduct or common scheme or plan. See United States v. Cox, 565 F.3d 1013 (6th Cir. 2009).

**Ground Five:** Movant did not knowingly waive and/or forfeit any argument regarding the ten (10) year mandatory minimum sentence imposed by the Court.

**Supporting Facts:** Contrary to any anticipated asseveration by the United States Attorney's Office, the record will unequivocally reflect that the Movant vehemently contested, objected and opposed the ten year mandatory minim [sic.] sentence imposed in the instant case. Specifically, trial counsel Phillip D. Lehmhukl, Esq. filed a Supplemental Sentencing 'Memorandum in which counsel argued that Movant should only be held accountable for a

3

few ounces of heroin as a street level dealer, **NOT** as a co-conspirator in a much larger conspiracy. See Attached Memorandum of Law.

**Ground Six:** The U.S. District Court erred in determining the drug quantity attributable to Movant Billingsley in the instant case.

**Supporting Facts:** A trial court cannot summarily adopt the findings of the Presentence Investigation report (PSI). See United States v. Tarwater, 308 F.3d 494, 518 (6th Cir. 2002). Unfortunately, that is exactly what transpired in the instant case. The purpose of Rule 32(c)(1) is to ensure that sentencing is based on reliable facts found by the Court itself after deliberation, a Court may not merely summarily adopt the factual findings in the PSI Report. See United States v. Corrado, 227 F.3d 528, 540 (6th Cir. 2000). See Attached Memorandum of Law.

**Ground Seven**: The U.S. District Court imposed an unreasonably harsh sentence that was greater than necessary to satisfy the purposes of sentencing set forth in 18 USC§ 3553(a). See Attached Memorandum of Law.

**Supporting Facts:** Movant Billingsley respectfully submits that it was unreasonable for the sentencing court to mechanically adopt the Government's position and impose the mandatory minimum sentence of 120 months. The primary directive of § 353(a) is for sentencing courts to  "impose a sentence sufficient, but **NOT** greater than necessary, to comply with the goals of sentencings [sic] set forth in subparagraph (2) of§ 3553(a)."  His 120 month term of imprisonment conflicts with this parsimony principle.

**Ground Ten:**[1] The sentence imposed is unreasonable due to the fact the U.S. District Court failed to grant Movant a mitigating reduction in his base offense level pursuant to U.S.S.G. § 3B1.2 as a minimal and/or minor participant in the alleged conspiracy that could have very well resulted in a less harsh sentence absent the

---

[1] In what are labeled paragraphs "VIII" and "IX" in the midst of his grounds for relief, Billingsley argues he is entitled to an evidentiary hearing and that he can establish cause and prejudice to overcome any procedural default. (Doc.No. 788 at PageID 2848-49.)

>>mandatory minimum sentence imposed.  See Attached Memorandum of Law.

(Motion, Doc. No. 788, PageID 2842-49.)

**Procedural History**

On July 12, 2011, the grand jury for this District returned an indictment charging Billingsley and others with drug-related crimes.  Billingsley was charged in Counts 1, 9, 14, 25, and 28 (Doc. No. 344).  On July 29, 2011, Billingsley entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count One of that indictment, charging him with conspiring to distribute and to possess with intent to distribute one kilogram or more of heroin. (Plea Agreement, Doc. No. 439, PageID 1338.)  In the same paragraph he admitted he was guilty of that offense.  In the agreed Statement of Facts attached to the Plea Agreement, Billingsley admitted he agreed with others to distribute heroin "in a conspiracy involving more than one kilogram of heroin" and admitted that amount was foreseeable to him.  *Id.* PageID 1345.

On September 29, 2011, Billingsley appeared with counsel before Magistrate Judge (now Chief Magistrate Judge) Sharon Ovington for a plea colloquy under Fed. R. Crim. P. 11 (Minute Entry, Doc. No. 440).  Pursuant to that colloquy, Judge Ovington recommended that Billingsley's guilty plea be accepted (Report and Recommendations, Doc. No. 441).  In part, Judge Ovington found Billingsley's guilty plea was knowing, intelligent and voluntary.  *Id.* at PageID 1347.  She also found that the Statement of Facts provided a sufficient factual basis for a finding of gjuilt.  *Id.* at PageID 1348.  Billingsley was advised that he had seventeen days to object and that "[f]ailure to make objections in accordance with this procedure may forfeit rights

on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985)." *Id.* at PageID 1349. No objections were filed within the time allowed by law.

On June 7, 2012, Judge Rice sentenced Billingsley to the term of imprisonment he is now serving (Doc. Nos. 624, 625). Billingsley, represented by new appointed counsel, appealed to the Sixth Circuit (Notice of Appeal, Doc. No. 632). That court affirmed the conviction and sentence on April 16, 2013. *United States v. Billingsley,* Case No. 12-3807 (unreported, copy at Doc. No. 742). No attempt was made to appeal to the United States Supreme Court and Billingsley timely filed the instant Motion to Vacate *pro se*.

## Analysis

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Billingsley claims he received ineffective assistance of trial counsel from attorney Phillip Lehmkuhl. Billingsley makes several pages of conclusory statements about the obligations of a defense attorney (Memorandum on Law, Doc. No. 788-1, PageID 2857-64). The gravamen of this First Ground for Relief, however, is that Lehmkuhl failed, despite Billingsley's request, to object to ¶¶ 60, 82, 83, 85, 86, 88, 89, and 91 of the Presentence Investigation Report. *Id.* PageID 2864-65. In ¶ 60 the PSR writer attributed at least one kilogram but less than three kilograms of heroin to Billngsley who insists that he only bought less than 500 grams and should therefore have a base offense level under the Guidelines of 28 instead of 32. The other paragraphs all relate to convictions for possession of marijuana

6

which Billingsley asserts are void for failure to state the "manner of conviction" (¶ 83) or were uncounseled (¶¶82, 85, 86, 88, 89, and 91).

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is

7

>a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

In other words, to prevail on a claim of ineffective assistance of trial counsel Billingsley must show that counsel performed at a level below "prevailing professional norms" and that he was prejudiced by that deficient performance. Assuming for the sake of argument that an attorney is required by prevailing professional norms to make arguments requested by his client of the type referred to in this claim, Billingsley cannot prove prejudice. In the Statement of Facts he admitted to conspiring with others to possess and possession with intent to distribute more than one kilogram of heroin. The mandatory minimum sentence for a conspiracy to distribute that amount of heroin is ten years imprisonment. That is the sentence Billingsley received and is now serving. That mandatory minimum was chosen by the Congress of the United States. A sentencing federal judge has no power to impose a lesser sentence in such a case. Although Judge Rice was obliged to consider the results of the presentence investigation, including the Sentencing Guidelines calculation, once he chose to sentence Billingsley to the mandatory statutory minimum of ten years, all those calculations became immaterial. In other words, assume Attorney Lehmkuhl was successful in having had all the marijuana convictions in ¶¶ 82, 83, 85, 86, 88, 89, and 91 stricken from the presentence investigation report and convincing the probation officer or Judge Rice that Billingsley himself had only bought less than 500 grams of heroin for resale. That would still have made no different in the sentence because those facts, assuming their truth, could not have lowered the sentence below what Congress mandated.

Therefore the First Ground for Relief should be dismissed with prejudice on the merits.

**Ground Two:  Involuntary Guilty Plea**

In his Second Ground for Relief, Billingsley asserts his guilty plea was not knowing, intelligent, and voluntary.  As with Ground One, he recites at some length the legal standards for a valid guilty plea but claims that attorney Lehmkuhl failed to provide him with "critical information" necessary to make the plea voluntary (Motion, Doc. No. 788-1, PageID 2867). However, he fails to allege what information he did not have that he has now learned and how it would have made his choice to plead guilty different.  He accuses Lehmkuhl of "inept lawyering tactics," but does not say what they were or how they made his plea involuntary.  *Id.* at PageID 2868.  He acknowledges that a properly conducted Rule 11 plea colloquy is a "formidable barrier" to an attack on his plea, but then contents himself with asserting that it is not an absolute barrier.  *Id.* He asks for an evidentiary hearing, but does not say what facts he would present that would undermine the guilty plea.  He asserts "[t]he first fallacy perpetuated in the plea bargaining process obviously results in a voluntary agreement between two parties that would commensurate with equal bargaining power."  *Id.* at PageID 2870.  But he cites no authority for the proposition that an accused heroin dealer must be found to have had equal bargaining power with the United States Attorney before a guilty plea is voluntary.

A plea of guilty or no contest is valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances.  *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th  Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th  Cir. 1984).  The determination of whether this plea was intelligently made

9

depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and done with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749. Where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976). The defendant must at least have a "sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *Kercheval v. United States*, 274 U.S. 220, 223 (1927). *Hart v. Marion,* 927 F.2d 256 (6th Cir. 1991).

The record shows that Billingsley's plea colloquy occurred before Judge Ovington (Plea Tr., Doc. No. 665, PageID 2108). She recited the elements of the offense and Mr. Lehmkuhl stated, without contradiction by Billingsley, he was confident Billingsley understood the charge to which he was pleading. *Id.* at PageID 2110. Billingsley was sworn to tell the truth in that proceeding. *Id.* at PageID 2111. He indicated he could read the English language and had read and understood both the Fourth Superseding Indictment and the Plea Agreement. *Id.* at PageID 2113. Judge Ovington read the Statement of Facts, including the admission of conspiracy to distribute more than one kilogram of heroin. *Id.* at PageID 2114-15. Mr. Lehmkuhl indicated the Statement of Facts had been negotiated. *Id.* at PageID 2117. He said, without contradiction by Billingsley, that he had advised Billingsley that the mandatory minimum statutory penalty was ten years. Billingsley himself indicated he understood the mandatory minimum statutory penalty of ten years. *Id.* at PageID 2121. Billingsley indicated that no one, including Lehmkuhl, had

told him anything different from what Judge Ovington had told him during the colloquy. *Id.* at PageID 2126.

Judge Ovington then discussed the rights Billingsley would be giving up by pleading guilty. *Id.* at PageID 2127-29. The Assistant United States Attorney then read the Plea Agreement, including the provision that by signing it, Billingsley would be acknowledging that his plea as knowing, intelligent, and voluntary. *Id.* at PageID 2129-37. After further discussion of the plea and without any indication by Billingsley that he did not understand or agree, he entered a plea of guilty. *Id.* at PageID 2141.

As noted above, based on the plea colloquy Judge Ovington recommended Billingsley's guilty plea be accepted (Report and Recommendations, Doc. No. 441). Billingsley never objected to that Report and never attempted to withdraw his guilty plea.

Based on this state of the record, Billingsley has utterly failed to set forth any facts upon which the Court could find his guilty plea was anything other than knowing, intelligent, and voluntary. The Second Ground for Relief should therefore be dismissed with prejudice.

**Ground Three: Insufficient Factual Basis for Conviction**

In his Third Ground for Relief, Billingsley asserts "the evidence presented by the Government in the instant case fails to prove or sustain the necessary components" for a conspiracy conviction (Motion, Doc. No. 788-1, PageID 2871).

Of course, the Government did not "present" any evidence in this case; no evidence is presented when a defendant pleads guilty. Billingsley argues at length that he just had a buyer-seller relationship with Michael Stephens, but he admits that the purpose of his purchases from

Stephens was to sell to others. *Id.* at PageID 2873.  He asserts that "to obtain a conviction for conspiracy, the Government must prove beyond a reasonable doubt that there was an agreement to achieve some illegal purpose, that the defendant knew of the agreement, and that the defendant knowingly became a part of the conspiracy." *Id.* at PageID 2874.  He cites a number of Sixth Circuit cases in which the circuit court held proof of a buyer-seller relationship was not sufficient to prove a conspiracy.

When a defendant enters a valid plea of guilty, the Government does not have to prove anything.  It is, of course, a separate question whether there is an adequate factual basis for a finding of guilt, but here Billngsley **admitted** that he "agreed with others to distribute and possess with intent to distribute heroin into the Southern District of Ohio in a conspiracy involving more than one kilogram of heroin, an amount foreseeable to Defendant."  (Plea Agreement, Doc. No. 439, PageID 1345.)  He also admitted he knew that "Stephens received his heroin from a person(s) acting as a source of supply."

That admitted facts are sufficient to establish a conspiracy.  Billingsley's Third Ground for Relief should therefore be dismissed with prejudice.

**Ground Four: District Court Error on the statutory mandatory minimum.**

In his Fourth Ground for Relief, Billingsley asserts Judge Rice was wrong in believing he was required to impose the statutory mandatory minimum sentence of ten years (Motion, Doc. No. 788-1, PageID 2875-77).  He notes Judge Rice's comment that he would have preferred to impose a lighter sentence, but was legally bound to impose the mandatory minimum. *Id.* at PageID 2876.

Billingsley cites *United States v. Cox*, 565 F.3d 1013 (6th Cir. 2009), for the proposition that Judge Rice could have imposed a lesser sentence. *Id.* That case is inapposite. In *Cox,* the Sixth Circuit relied on the prior law that the drug quantity necessary to trigger a particular mandatory minimum did not have to be alleged in the indictment and proved to a jury. The relevant Supreme Court holding to that effect was *Harris v. United States,* 536 U.S. 545 (2002). But Harris has been explicitly overruled by the Supreme Court. *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). More importantly, in Cox the drug quantity attributable to the defendant was being proven to court as part of the sentencing process, whereas here the relevant amount was admitted as part of the plea colloquy. Judge Rice was not required to find as a matter of fact that Billingsley was involved with a kilogram or more; Billingsley had admitted that fact. The Sixth Circuit noted this fact in affirming the conviction: "The [district] court rejected Billingsley's objections related to drug quantity based on Billingsley's sworn admission during his plea hearing to the Statement of Facts in his plea agreement." *Billingsley, supra*, PageID 2608. In fact, as the court of appeals noted, Judge Rice gave Billingsley an opportunity to consider moving to withdraw his guilty plea if it was based on a misunderstanding of the applicable mandatory minimum sentence. *Id.* at PageID 2609. Indeed, the Sixth Circuit expressly held that Billingsley had waived any argument that ten years was not the mandatory minimum. *Billingsley, supra*, PageID 2612.

The Fourth Ground for Relief is therefore without merit and should be dismissed with prejudice.

**Ground Five:  Ground Four Was Not Waived.**

In his Fifth Ground for Relief, Billingsley argues, contrary to the finding of the Sixth Circuit, that he did not waive his argument about being subject to the mandatory minimum. Billingsley's claim of lack of waiver is foreclosed by the decision of the Sixth Circuit.  This Court does not have authority to modify a finding by the appellate court.  The Fifth Ground for Relief should therefore be dismissed with prejudice.

**Ground Six:  District Court Error in Determining the Drug Quantity**

In his Sixth Ground for Relief, Billingsley again argues Judge Rice erred in determining drug quantity because he adopted the findings in the presentence investigation report. Billingsley argues the "record is devoid of any evidence definitively supporting the trial court's drug-quantity determination."  (Motion, Doc. No. 788-1, PageID 2880).  To the contrary, as already explained above, the definitive evidence is Billingsley's admission to conspiring to possess and possess with intent to distribute more than one kilogram of heroin.  No other fact is necessary and Ground Six should therefore be dismissed with prejudice.

**Ground Seven:  Unreasonably Harsh Sentence**

In his Seventh Ground for Relief, Billingsley contends his sentence is unreasonably harsh.  He relies on 18 U.S.C. § 3553 for the proposition that the court is only to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes of sentencing . .

. .." (Motion, Doc. No. 788-1, PageID 2882.) He then cites cases interpreting that statute. However, he cites no authority for the proposition that after considering all of the § 3553 factors, a judge may sentence below the statutory mandatory minimum. Billingsley's quarrel about the harshness of his sentence lies with Congress and not with Judge Rice, who agreed that the sentence was too harsh, but understood he was powerless to impose a more lenient sentence.

` Ground Seven is without merit and should be dismissed with prejudice.

**Ground Ten: Sentence Unreasonable for Failure to Grant Mitigating Reduction**

In his Tenth Ground for Relief, Billingsley asserts he was entitled to a reduction in sentence because he had a minimal or minor role in the conspiracy (Motion, Doc. No. 788-1, PageID 2889-90). This Ground for Relief should also be dismissed with prejudice because none of the authority cited by Billingsley would have permitted Judge Rice to reduce the sentence below the statutory mandatory minimum.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the Motion to Vacate be dismissed with prejudice in its entirety. None of this analysis relies on any possible procedural default by Billingsley, so it is not necessary to consider his claims of excusing cause and prejudice. Nor does Billingsley rely on any contested material facts that might be proven at an evidentiary hearing, so no such hearing is required. Because reasonable jurists would not

disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

December 13, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).