# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,       :       Case No. 3:10-cr-210
                                                        also 3:13-cv-414

   - vs -

                                                        District Judge Walter Herbert Rice
                                                        Magistrate Judge Michael R. Merz

GEORGE A. BILLINGSLEY,

        Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 788). The Magistrate Judge filed a Report and Recommendations recommending the § 2255 Motion be denied with prejudice (the "Report," Doc. No. 789), Defendant has filed Objections (Doc. No. 801), and Judge Rice has recommitted the matter for further analysis (Doc. No. 802).

The Magistrate Judge recommended dismissal of the Motion to Vacate upon initial review under Rule 4(b) of the Rules Governing § 2255 Cases. To reach that conclusion, the Magistrate Judge concluded that the record of prior proceedings together with the § 2255 Motion established that Billingsley was not entitled to relief and particularly that no evidentiary hearing was required (Report, Doc. No. 789, PageID 2892).

Billingsley has now filed twenty pages of Objections organized around six headings which will be considered seriatim.

1

> **I.** **"Counsel Was Ineffective During The Plea Negotiation Process Warranting An Evidentiary Hearing to Determine Whether Petitioner Was Induced By Attorney Lehmkuhl To Accept The Plea Agreement Based on Misrepresentations And Deceptive Language Set Forth On Page Three, Subsection (c) Of Said Agreement.**

In the body of this Objection, Billingsley asserts Attorney Lehmkuhl "conveyed" a "misrepresentation" to him "regarding his culpability, role and amount of heroin that would be attributed to him at sentencing" and that this was done to induce him to accept the Plea Agreement (Doc. No. 801, PageID 2955).

The standard applied in determining whether an evidentiary hearing is warranted on a § 2255 motion is parallel to that used in determining whether to grant or deny summary judgment in a civil case: is there some genuine dispute of material fact that must be resolved by hearing evidence? *Ross v. United States*, 339 F.3d 483 (6th Cir. 2003). 1 Before the Court can find that there is a material dispute of fact, it must be shown what the dispute is. Despite the twenty pages of Objections, Billingsley has never said what it is that Attorney Lehmkuhl told him that he believes was a misrepresentation.

Billingsley seems to be claiming that the Plea Agreement itself is deceptive when it says, "[t]he parties reserve the right to argue and offer evidence regarding the Sentencing Guidelines, <u>including base offense level</u>, specific offense characteristics, adjustments and departures, and the factors set forth in 18 U.S.C. § 3553." (Quoted at Objections, Doc. No. 801, PageID 2955, emphasis sic.) Billingsley seems to be arguing that what was deceptive about that language was

---

1 Billingsley suggests the applicability of the summary judgment standard by citing the leading Supreme Court summary judgment cases, *Celotex v. Catrett,* 477 U.S. 317 (1986), and *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (Objections, Doc. No. 801, PageID 2963).

that it led him to believe Judge Rice could sentence him below that statutory mandatory minimum for the one kilogram of heroin which he admitted was involved in the conspiracy to which he was a party. That claim flies in the face of other language in the Plea Agreement in which says that the minimum, mandatory term of imprisonment is ten years. (Plea Agreement, Doc. No. 439, PageID 1339, ¶ 4(a).) The same section says that the maximum possible penalty is life imprisonment. *Id*.

In the plea colloquy before Judge Ovington, Billingsley swore he had no difficulty understanding the Plea Agreement or what his attorney had said to him during the case. (Plea Transcript, Doc. No. 665, PageID 2113.) Mr. Lehmkuhl represented to Judge Ovington that his discussions with Billingsley had focused on possible sentences for the various offenses with which he was charged and that the possible sentences for conspiracy to distribute the amount alleged in Count 1 was ten years to life. *Id*. at 2117-18. In fact, given the quantity, the sentence Mr. Lehmkuhl projected was in the range of twenty years. *Id*. Judge Ovington again mentioned the sentencing range was a mandatory minimum of ten years up to life. *Id*. at PageID 2121. Billingsley specifically swore that his attorney had not told him anything different from what had been said in court. *Id*. at PageID 2126. After Judge Ovington read him the rights he was giving up and the Assistant United States Attorney read the full Plea Agreement into the record, Mr. Billingsley swore he understood it and agreed to it. *Id*. at PageID 2127-2138.

As noted in the Report, Judge Ovington filed a Report and Recommendations after the plea colloquy in which she found that the guilty plea was knowing, intelligent, and voluntary (Doc. No. 441). Billingsley was advised that he had seventeen days in which to file objections, but he never did and thus waived the right to object to those findings as he was also advised. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

After the plea colloquy, of course, the Probation Department conducted a presentence investigation and filed a PSI which among other things, noted that the statutory mandatory minimum for the offense of conviction was ten years imprisonment.  As Billingsley was advised by Lehmkuhl would be the case, the Probation Department also engaged in a calculation under the Sentencing Guidelines which, as Billingsley was advised both in writing in the Plea Agreement and orally by Judge Ovington, had to be considered by Judge Rice in imposing sentence.  But nothing in the PSI suggested that Judge Rice could impose a sentence below the statutory mandatory minimum of ten years and Billingsley never sought to withdraw his guilty plea based on any suggestion that the PSI was inconsistent with what he had been told either by Attorney Lehmkuhl or by Judge Ovington.

Billingsley correctly asserts that even in a case with a mandatory minimum sentence, the sentencing judge must consider the Sentencing Guidelines.  But Judge Rice did so at sentencing and made a finding with respect to the Guidelines (Judgment, Doc. Nos. 624, 625).  Billingsley relies on *United States v. Cox*, 565 F.3d 1013 (6th Cir. 2009), for the proposition that the trial judge must determine the amount of drugs involved.  As pointed out in the Report, *Cox* only applied in cases where the amount of drugs had not been established by admission of the defendant (which happened here in the Statement of Facts) and in any event has been overruled by *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151. 186 L. Ed. 2d 314 (2013).

Billingsley seems to be arguing that because he was only a "street level dealer" and only bought and sold twelve ounces of heroin, he should only have been liable to a mandatory minimum of sixty months (Objections, Doc. No. 801, PageID 2956-57).  But Billingsley pled guilty to being a co-conspirator in a conspiracy which distributed in excess of one kilogram of heroin and that

4

charge carries a mandatory minimum of ten years imprisonment.

 The first set of Objections is without merit.

> **II. Contrary To The Assertions of U.S. Magistrate Judge Michael R. Merz, Petitioner Billiongsley's Acceptance of the Plea Agreement Cannot Be Construed As Voluntary, Knowing, or Intelligently Entered Into When He Could Not Have Possibly Understood or Realized The Consequences of Entering a Guilty Plea Agreement (Objections, Doc. No. 801, PageID 2957).**

 In his second set of Objections, Billingsley cites the standard case law on plea agreements. He then asserts:

> Moreover, defense counsel's advice should have permitted his client to make an informed and conscious choice. Alarmingly, Petitioner was never provided this opportunity by defense counsel. In a nutshell, Petitioner Billingsley didn't have a clue as to what he was actually pleading guilty to or the language contained in the plea agreement which demanded that he forfeit or waive a plethora of constitutional rights.

(Objections, Doc. No. 801, PageID 2957.) The "did not have a clue" language is repeated two pages later.

 The use of exclamation points does not create a right to an evidentiary hearing. In this set of Objections, once again, Billingsley does not provide any detail of what Attorney Lehmkuhl allegedly did or did not tell him about his choices. Moreover, as pointed out above, Billingsley signed the Plea Agreement and then heard it read aloud and swore several times that he understood it. He does not say even now what it was he did not understand.

In this section of the Objections, Billingsley argues about what must be done to waive the right to appeal. But Billingsley not only did not waive his right to appeal, he actually took an appeal.

Billingsley claims he was never "made fully cognizant or knowledgeable of the impending consequences or repercussions when changing his not guilty plea to guilty" (Objections, Doc. No. 2960). Here again we have Defendant's conclusory manner of pleading. What "consequence" or "repercussion" does he claim he suffered which Judge Ovington did not make him aware of?

Billingsley asserts at some length in this section of the Objections that a waiver of the right to file a § 2255 motion still permits a defendant to claim ineffective assistance of trial counsel. But as with the false claim of waiver of appellate rights made earlier, there was no waiver of the right to file a § 2255 motion. The Magistrate Judge's Report does not suggest that the Motion be denied because of any prior waiver.

Billingsley's second set of Objections is without merit.

> **III. Contrary to United States Magistrate Judge Michael R. Merz Report And Recommendation The Government Is Not Entitled To Dismissal Of Petitioner Billingsley's 28 U.S.C. § 2255 Where Sixth Amendment Violations Occurred Establishing Ineffective Assistance of Counsel Thus Nullifying Any Waiver of Petitioner's Statutory Right To Collaterally Attack His Guilty Plea, Conviction And Sentence (Objections, Doc. No. 801, PageID 2962).**

This Objection is based on a false premise. The Report did not suggest that Billingsley had waived his right to file a § 2255 Motion and nothing in the record suggests that he did.

6

In this set of Objections, Billingsley reproduces his conclusory manner of pleading. He asserts "his guilty plea could not have been voluntary, knowingly and intelligently entered into with the facts provided to him by defense counsel Lehmkuhl." (Objections, Doc. No. 801, PageID 2965.) But he does not say what facts Lehmkuhl gave him or what facts he has learned since the plea that would have made a difference. Again, he asserts his Motion "steadfastly sets forth veritable dispute(s) of material fact sufficient to preclude" dismissal (Objections, Doc. Nol 801, PageID 2966). What disputes? Billingsley goes on to repeat the "did not have a clue" and "never made fully cognizant" claims, but never backs them up with specific factual allegations. *Id.* at PageID 2967.

The third set of Objections is without merit.

### IV. The U.S. Court Erred By Ruling That There Was A Mandatory Minimum Ten-Year Sentence In This Case (Objections, Doc. No. 801, PageID 2968).

As noted in the Report, this claim was expressly considered and rejected by the Sixth Circuit. *United States v. Billingsley*, Case No. 12-3807 (Apr. 6, 2013)(unpublished, copy at Doc. No. 742).

### V. The U.S. District Court Imposed An Unreasonable Sentence (Objections, Doc. No. 801, PageID 2969).

Billingsley argues that the ten-year sentence imposed on him is more than necessary to meet the goals of sentencing set forth in 18 U.S.C. § 3553. The Report concluded Billingsley had cited no authority permitting a sentencing judge to depart below the statutory mandatory

7

minimum, regardless of any findings under 18 U.S.C. § 3553 (Report, Doc. No. 789. PageID 2906-07).  Billingsley now cites to *Kimbrough v. United States*, 552 U.S. 85 (2007), where the Supreme Court held that a district court was within its discretion to conclude that the 100-1 powder to crack ratio in the Anti-Drug Abuse Act of 1986 would yield a sentence greater than necessary to achieve the purposes of sentencing in 18 U.S.C. § 3553(a).  The crack-to-powder cocaine ratio has no application to a case involving heroin and nothing in Kimbrough suggests it does.

> **VI.    The U.S. District Court Erred When Denying Petitioner Billingsley A Four Level Reduction For A Minimal Participant Pursuant to U.S.S.G. Section 3B1.2 (Objections, Doc. No. 801, PageID 2970).**

Billingsley made this claim in his Tenth Ground for Relief.  The Report recommended rejecting it because none of the cited authority would have permitted Judge Rice to depart below the statutory mandatory minimum (Doc. No. 789, PageID 2907).  The only case cited in the Objections is *United States v. Davis*, 407 F.3d 1269 (11th Cir. 2005).  That case does not involve a statutory mandatory minimum, so Billingsley has still cited no authority permitting a sentence of less than ten years.

**Conclusion**

Petitioner Billingsley continues to struggle with two legal principles applicable to his case.

First of all, evidentiary hearings in § 2255 cases are held only to resolve material factual disputes and Billingsley has not shown that there is any such dispute in this case.  It is not enough

8

to repeatedly assert that there is such a dispute – a petitioner must demonstrate that such a dispute exists by pointing out what facts he believes he can prove that are outside the record and how he proposes to prove them.

Secondly, participating in a conspiracy to distribute more than a kilogram of heroin must, upon conviction, be punished by at least ten years imprisonment, which is the sentence Billingsley received.

Based on the foregoing analysis and that in the original Report, it is again respectfully recommended that the Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

February 19, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).